UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE HUNTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAPELLO'S LLC,<br><br>　　　　Defendant. | No.  2:24-cv-2487 DAD AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

This case is before the court on plaintiff's motions for class certification (ECF No. 14) and for default judgment after such certification (ECF No. 13).  The motion for class certification was referred to the undersigned by the district judge presiding over this case (ECF No. 20), whereas the motion for default judgment was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19).  The motions were taken under submission on the papers on June 17, 2025, but restored to the calendar on October 2, 2025.  ECF Nos. 21, 24.  Following a hearing on December 3, 2025, for the reasons set forth below, the undersigned recommends that both motions be denied without prejudice.

**I.　　Relevant Background**

Plaintiff filed this complaint on September 12, 2025, asserting jurisdiction under 28 U.S.C. §1332(d).  ECF No. 1 at 8, 10.  Plaintiff Diane Hunter is a California citizen, whereas defendant Capello's, LLC ("Capello's") is a Delaware company with its principal place of business in Colorado.  Id.

1

1    Plaintiff seeks to bring this action on behalf of anyone who bought any of a series of
2  "Products" by defendant. ECF No. 1 at 2, 11. The Products include defendant's "Keto Cheese
3  Pizza"; "Keto Pizza Crust"; "White Pizza", "Margherita Pizza", "Whole Milk Mozzarella Cheese
4  Pizza", and "Naked Pizza Crust", each with Almond Flour Crust; "Five-Cheese Ravioli" and
5  "Spinach & Cheese Ravioli" varieties of Almond Flour Pasta; and Bakery Style Cookie Dough
6  for both "Chocolate Chip" cookies and "Sugar Cookies". ECF No. 1 at 11-12.

7    The complaint alleges that each Product prominently displays the number of grams of fat,
8  carbohydrates, or proteins in a single serving, but not the disclaimers that must accompany such
9  claims when used to advertise a Product. ECF No. 1 at 11-13. Products making such a "nutrient
10 content claim" must also warn customers to "[s]ee nutrition information for [fat, saturated fat,
11 cholesterol, or sodium] content" if one serving contains more than 13 grams, 4 grams, 60
12 milligrams, or 480 milligrams respectively, in a legible disclaimer that is adjacent to the nutrient
13 content claim. ECF No. 1 at 20-21; 21 C.F.R. § 101.13(b), (h)(1), (h)(4). The Margherita Pizza
14 plaintiff purchased advertises that one serving has 14 grams of protein. ECF No. 1 at 11, 13. The
15 box does not include any disclaimer, however, despite one serving having 34 grams of fat, 15
16 grams of saturated fat, 130 milligrams of cholesterol, and 910 milligrams of sodium. ECF No. 1
17 at 13. Similarly, the Whole Milk Mozzarella Cheese Pizza advertises having 16 grams of protein
18 per serving but conceals the fact that it has 17 grams of saturated fat per serving. Id. at 12, 14.
19 Overall, the saturated fat in a serving of each Product ranges from 5 to 17 grams. Id. at 14.

20   The complaint contrasts defendant's labeling practices with those of competitors who
21 either exclude any nutrient content claim from the packaging or include the disclaimer as to fat or
22 saturated fat levels. Id. at 25-27. The complaint alleges that defendant's "deceptive
23 representations" gave it an unfair competitive advantage by falsely making its Products look
24 healthier than, and therefore superior to, its competitors' equivalent offerings. Id. at 27. Plaintiff
25 and other members of the proposed class paid a premium price for Products that were effectively
26 not as represented, and for which they would not have paid as much but for the
27 misrepresentations. Id. at 30. The complaint further asserts that with the continued growth of the
28 ////

2

market for health-focused goods, defendant has an incentive to continuing mislabeling its products. Id. at 28.

Based on these allegations, the complaint asserts causes of action for violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.; and Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code[1] § 1750 et seq. ECF No. 1 at 34-42. For such purposes, plaintiff seeks to represent a "California Class" consisting of anyone who purchased the Products within the state of California within the applicable statute of limitations. ECF No. 1 at 31. The statute of limitations is three years under the FAL and CLRA, but four years under the UCL. Id. at 31-32. The complaint also asserts an unjust enrichment claim on behalf of a "Nationwide Class" consisting of anyone who bought the Products in the United States within the four-year statute of limitations for such a claim. Id. at 32, 41.

Aside from certification of the classes, with plaintiff serving as representative plaintiff and her counsel as class counsel (ECF No. 1 at 44-45), the complaint seeks an order enjoining the future use of nutrient content claims on Products without the requisite disclaimer, restitution and disgorgement of all money acquired through sale of the Products, compensatory and punitive damages, and attorney's fees and costs. Id. at 45.

Plaintiff served defendant with the summons on September 16, 2024. ECF No. 5. When the Clerk of Court declined to enter default on November 13, 2024, it noted that the declaration in support of plaintiff's request cited Fed. R. Civ. P. 4(e)(2)(A). ECF No. 6-1 at 2; ECF No. 7. The Clerk explained that this section, which concerned personal service on an individual defendant, was inapplicable when the defendant is a corporation. ECF No. 7. In a renewed request for entry of default, plaintiff clarified that service had been via delivery to defendant's registered agent for service of process, in accordance with Fed. R. Civ. P. 4(h)(1)(B). ECF No. 8-2 at 2. The Clerk of Court entered default on January 29, 2025. ECF No. 12. Plaintiff filed the pending motions on May 23, 2025, and served them on defendant on September 15, 2025. ECF Nos. 13-14, 23.

---

[1] The complaint incorrectly cites the California Business & Professions Code. ECF No. 1 at 42.

Defendant has not responded to either motion or made any appearance in this case, including at the hearing held on December 3, 2025.

## II.      Motion for Class Certification

In light of the defendant's failure to appear, plaintiff seeks only certification of a redefined, limited version of the complaint's "California Class" ("Default Class").  Plaintiff's motion defines the Default Class as those who bought defendant Products[2] within California from a Whole Foods, Costco, Walmart, Target, Ralphs, Erewhon, Safeway, Lucky Supermarkets, Raley's, Sprouts, or Vons, or via DoorDash or Instacart delivery ("Class Retailers").  ECF No. 14-1 at 3.  As in the complaint, such purchase must have occurred within the three-year statute of limitations under the FAL and CLRA, and the four-year statute of limitations under the UCL, both calculated from the complaint's September 12, 2024, filing date.  Id.

   A.  Legal Standard

Class action litigation is "an exception to the usual rule" that only individual named parties bring and conduct lawsuits.  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 348 (2011) (citation and internal quotation marks omitted).  Only if a class action "promot[es] ... efficiency and economy of litigation," should a motion for certification be granted.  Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 349 (1983).  In evaluating a motion for class certification, a court considers whether class litigation promotes "economies of time, effort, and expense, and ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  Fed. R. Civ. P. 23(b)(3) advisory committee's note to 1966 amendment.

Class certification is governed by Federal Rule of Civil Procedure 23.  "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."  Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 178 (1974).  "[I]t is well established that for

---

[2]  At the December 3, 2025 hearing on this motion, Plaintiff asserts that the Products in the complaint are examples and not an exhaustive list of the Products whose purchase would qualify a customer as a member of the Default Class.  Plaintiff also conceded, however, that not every defendant product includes a nutrient content claim that violates the FAL, UCL, or CLRA.

1  purposes of class certification, the moving party does not need to establish a likelihood of
2  prevailing on the merits." McKenzie v. Fed. Exp. Corp., 275 F.R.D. 290, 297 (C.D. Cal. 2011).
3  Under Rule 23(c)(5), for purposes of certification, a subclass is treated exactly like a class. To be
4  certified, a putative class must meet the threshold requirements of Rule 23(a) and the
5  requirements of one of the subsections of Rule 23(b), which defines three types of classes. Leyva
6  v. Medline Indus. Inc., 716 F.3d 510, 512 (9th Cir. 2013).[3]

7  Rule 23(a) sets forth the following prerequisites required for any class: (1) the class is so
8  numerous that joinder of all members is impracticable; (2) there are questions of law or fact
9  common to the class; (3) the claims or defenses of the representative parties are typical of the
10 claims or defenses of the class; and (4) the representative parties will fairly and adequately protect
11 the interests of the class. Fed. R. Civ. P. 23(a); Hanon v. Dataproducts Corp., 976 F.2d 497, 508
12 (9th Cir. 1992). These requirements are referred to as numerosity, commonality, typicality, and
13 adequacy. In re Live Concert Antitrust Litig., 247 F.R.D. 98, 105 (C.D. Cal. 2007). Once
14 subdivision (a) is satisfied, the party seeking certification must demonstrate that the action falls
15 into one of three categories under Rule 23(b). In re Adobe Sys., Inc. Sec. Litig., 139 F.R.D. 150,
16 153 (N.D. Cal. 1991).

17 The party seeking class certification bears the burden of demonstrating that the
18 requirements of Rule 23(a) and (b) are satisfied by a preponderance of the evidence. Olean
19 Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC, 31 F.4th 651, 665 (9th Cir. 2022);
20 United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union,
21 AFL-CIO, CLC v. ConocoPhillips Co., 593 F.3d 802, 807 (9th Cir. 2010). Rule 23 embodies
22 more than a "mere pleading standard." Wal-Mart Stores, Inc., 564 U.S. at 350. The moving
23 party must "prove that there are in fact sufficiently numerous parties, common questions of law or
24 fact, etc." Id. In other words, "plaintiffs wishing to proceed through a class action must actually
25 *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23."
26 Halliburton Co. v. Erica P. John Fund, Inc., 573 U.S. 258, 275 (2014) (emphasis in original).

---

[3] Plaintiff seeks to certify a Rule 23(b)(3) class. ECF No. 14-1 at 13.

5

The court must verify the putative class's "actual, not presumed, conformance with Rule 23(a) ...." Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 160 (1982). This inquiry may overlap with consideration of the merits of the plaintiffs' substantive claims. Wal-Mart Stores, Inc., 564 U.S. at 351–52. Indeed, "a district court must consider the merits if they overlap with the Rule 23(a) requirements." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 981 (9th Cir. 2011).

B. Analysis

1. Requirements Under Rule 23(a)

a. Numerosity

Fed. R. Civ. P. 23(a)(1) provides that numerosity exists if "the class is so numerous that joinder of all members is impracticable." The question becomes how plaintiff can identify class members, and therefore prove numerosity, without propounding discovery on a defaulting defendant.

Plaintiff concedes that defendant's failure to appear renders her motion atypical, but argues that class certification has occurred under such circumstances. ECF No. 14-1 at 2. Plaintiff relies on Whitaker v. Bennett Law, PLLC, Case No. 13–cv–3145–L (S.D. Cal.), an action brought under the Telephone Consumer Protection Act ("TCPA"). In Whitaker, which presented the class certification issue in a default context, the court certified a class defined as:

> All persons within the United States who received any telephone call from Defendant or their agents to said person's cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent during the transaction that resulted in the debt owed, within the four years prior to the filing of the Complaint in this act.

2014 WL 5454398 at *4, 2014 U.S. Dist. LEXIS 152099 at *8 (S.D. Cal. Oct. 27, 2014). The court reasoned that even without discovery propounded on the defaulting defendant, the plaintiff provided "a reasonable basis to believe that a class actually exists" and that their identity "could be specifically determined via discoverable access to" defendant information. Id. Although the plaintiff could not identify other members of this class without such discovery, she did present complaints about the defendant on online forums as evidence that thousands of people had been

6

affected by similar TCPA violations. Id., 2014 WL 5454398 at *4, 2014 U.S. Dist. LEXIS 15209 at *9-*10.

Plaintiff suggests a similar discovery method here to identify members of the Default Class following entry of default judgment. ECF No. 14-1 at 3. The Class Retailers at issue maintain detailed records of each purchase and purchaser of any item, including defendant's Products, and a Pennsylvania court ordered production of such information in another class action. ECF No. 14-1 at 6, n.3 (citing Farneth v. Wal-Mart Stores, Inc., Case No. GD-13-011472, 2017 Pa. Dist. & Cnty. Dec. LEXIS 2259 at *15 (Pa. Super. Ct. Mar. 21, 2017)). Plaintiff proposes using these records to identify every purchaser of Product between September 12, 2020 and September 12, 2024, and calculate the damages from each transaction. ECF No. 14-1 at 6-7.

Plaintiff's proposed approach is inconsistent with the requirement that, to prevail on a motion for class certification, a plaintiff must "actually prove—not simply plead—that [her] proposed class satisfies each requirement of Rule 23." Halliburton Co. v. Erica P. John Fund, Inc., 573 U.S. 258, 275 (2014). The undersigned declines to follow the approach adopted in Whitaker, in which the court appears to have accepted the allegations of the complaint as true in light of defendant's default despite the clear requirement of evidence to support all Rule 23 requirements.

As another district court has explained in rejecting a plaintiff's reliance on Whittaker for class certification in the default context:

> In Whitaker v. Bennett L., PLLC, the plaintiff "asserted violations of the Telephone Consumer Protection Act." No. 13-CV-3145-L NLS, 2014 U.S. Dist. LEXIS 152099, 2014 WL 5454398, at *1 (S.D. Cal. Oct. 27, 2014). The defendant did not appear, its default was entered, and the court certified a nationwide class apparently based solely on the allegations in the complaint. 2014 U.S. Dist. LEXIS 152099, [WL] at *4. The court did not explain why it determined the complaint's allegations were sufficient for its certification analysis. The court later entered default judgment on liability and directed the plaintiff to conduct discovery to determine the appropriate amount of damages. Whitaker v. Bennett L., PLLC, No. 13-CV-3145-L(NLS), 2015 U.S. Dist. LEXIS 181086, 2015 WL 12434306, at *1 (S.D. Cal. Jan. 26, 2015). After that discovery, there was no evidence identifying possible class members. That lack of evidence prompted the court to state "the class action may have been improvidently certified because the class is not ascertainable." Whitaker v. Bennett L., PLLC, No. 13-CV-3145-L(NLS), 2016 U.S. Dist. LEXIS

7

>122873, 2016 WL 4595520, at *1 (S.D. Cal. May 27, 2016). The court directed the plaintiff to establish why the class "should not be decertified." 2016 U.S. Dist. LEXIS 122873, [WL] at *2. Approximately two weeks after that order, the plaintiff voluntarily dismissed her claim. Whitaker v. Bennett L., PLLC, No. 13-CV-3145-L(NLS) (S.D. Cal. June 10, 2016).
>
>The eventual outcome in Whitaker indicates that even if permissible, certifying a class when a defendant is in default may not be prudent. Other courts have addressed the issue directly and determined certification-by-default is inappropriate. See Sapan v. Veritas Funding, LLC, No. SACV2300468CJCADSX, 2023 U.S. Dist. LEXIS 180373, 2023 WL 6370223, at *2 (C.D. Cal. July 28, 2023) (defendant in default "does not mean that mere allegations in a complaint are sufficient to establish Rule 23's class certification requirements"); Pagano v. HN & Sons LLC, No. 22-CV-4897 (BMC), 2024 U.S. Dist. LEXIS 197435, 2024 WL 4625296, at *1 (E.D.N.Y. Oct. 30, 2024) ("the general principle that factual allegations in the complaint are deemed admitted by the defendant upon default does not apply because Rule 23 imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions"). The result reached by those other courts is convincing. The court cannot conduct a "rigorous analysis" to ensure all of Rule 23's requirements are met when it can look only to the allegations of the complaint. [Plaintiff] needs evidence beyond mere allegations.

Heidarpour v. Secured Mktg. Concepts Corp., No. CV-24-00239-PHX-KML, 2025 WL 764287 at *2, 2025 U.S. Dist. LEXIS 43531 at *3-5 (D. Ariz. Mar. 11, 2025).

The undersigned joins the Heidarpour court in rejecting the result and reasoning of Whitaker, and agrees with the Heidarpour, Sapan and Pagabo courts that a defendant's default cannot relieve a plaintiff seeking class certification of the burden of proving all Rule 23 requirements with evidence.

Here, plaintiff's showing that the proposed discovery would permit her to identify sufficient class members is arguably even weaker than that in Whitaker. Plaintiff argues that the class will exceed 1,000 members because the products are allegedly "sold in many different grocery stores throughout California" and the "distribution and sales volume" during the class period was substantial. ECF No. 14-1 at 9. These allegations are so general and conclusory that they cannot support an inference of sufficient numerosity, let alone constitute proof. Plaintiff provides no evidence as to whether all the Class Retailers' locations sell defendant's products, how many such locations exist, which products have a nutrient content claim but lack a required

8

disclaimer, or how many of each such product the Class Retailers have sold. She therefore cannot support even a general estimate of how many class members she would find through discovery.

In sum, plaintiff has not adequately demonstrated numerosity for the proposed class.

      b. Commonality

Commonality exists when "there are questions of law or fact common to the class," even if not every such question is common or identical. Fed. R. Civ. P. 23(a)(2); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). Here, plaintiff argues that various facts unify all class members' claims. ECF No. 14-1 at 10. She concedes that whether each member of the Default Class relied on product misrepresentations when purchasing a Product may vary. Id. She also notes, however, that because the UCL, FAL, and CLRA are both governed by a "reasonable consumer" test, the subjective effect on any one class member is not a relevant consideration when certifying a class. ECF No. 14-1 at 10 (citing Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008); Hadley v. Kellogg Sales Co., 324 F. Supp. 3d 1084, 1095 (N.D. Cal. 2018)).

Plaintiff's argument would have merit if it were limited to the Products outlined in the complaint. The complaint only features Products that include a nutrient content claim, and the complaint adequately pleads that the saturated fat in each serving exceeds the minimum threshold for a disclaimer. ECF No. 1 at 11-14. At the hearing on this motion, however, plaintiff explained that the featured Products were examples rather than an exhaustive list. At the same time, she admits and has even submitted evidence that not every defendant product includes a nutrient content claim. See ECF No. 13-2 at 10, 12. Plaintiff confusingly proposes limiting the definition of qualifying Products, and therefore the class, to only those products with such a nutrient content claim that also require an absent disclaimer based on the amount of select nutrients in a single serving. Plaintiff effectively admits that this is a fact-based inquiry that will vary among defendant customers, and that she lacks sufficient information to distinguish between them in this regard.

////

////

////

1   Accordingly, plaintiff has not adequately met the commonality requirement.

2      c. Typicality

3   Typicality requires that "the claims or defenses of the representative parties are typical of
4   the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). As such, it substantially overlaps
5   with the test for commonality. For typicality to be met, named plaintiffs' claims must be
6   "reasonably coextensive" with the claims of the putative class, but not necessarily identical to
7   them. Hanlon, 150 F.3d at 1020. The inquiry focuses on the claims themselves, not on the
8   factual predicates from which the claims arise. Hanon, 976 F.2d at 508. "The test of typicality
9   'is whether other members have the same or similar injury, whether the action is based on
10  conduct which is not unique to the named plaintiffs, and whether other class members have been
11  injured by the same course of conduct.'" Id.

12  Aside from the damages plaintiff incurred based on the amounts of her specific purchases,
13  her claims under the UCL, FAL, and CLRA are identical to those of any consumer who would
14  qualify as a member of the Default Class. Assuming arguendo that the Default Class is limited to
15  those who purchased Products with a nutrient content claim but not a required disclaimer,
16  Plaintiff's injuries are necessarily typical of those of unnamed class members.

17     d. Adequacy of Representation

18  Adequacy of representation requires that "representative parties will fairly and adequately
19  protect the interests of the class." Fed. R. Civ. P. 23(a)(4). For plaintiffs to adequately represent
20  the putative class members, they must demonstrate, first, that they do not possess any conflicts of
21  interest with the class members and, second, that both plaintiffs and their counsel will work to
22  "prosecute the action vigorously" with respect to the entire class. Staton v. Boeing Co., 327 F.3d
23  938, 957 (9th Cir. 2003).

24  Neither plaintiff nor counsel has presented any evidence or made any allegations to
25  suggest that they cannot adequately represent the Default Class or have any conflicts of interest
26  that would prevent them from doing so. See ECF No. 14-2 at 3. Plaintiff's counsel Pope
27  McGlamry, P.C. is a prominent law firm with extensive experience in complex and class action
28  litigation, and thus far has vigorously prosecuted this action by seeking default and default

judgment. ECF Nos. 12-13; ECF No. 14-3 at 6. It appears that the named plaintiff is an adequate class representative, and that Pope McGlamry could be qualified as class counsel were certification otherwise appropriate.

e. Conclusion as to Rule 23(a) Requirements

Because plaintiff has failed to adequately demonstrate the numerosity of the proposed class, and her proposed definition of such class frustrates any efforts to establish commonality, the motion must be denied.

2. Requirements Under Rule 23(b)(3)

Because Rule 23(a) is not satisfied, the court need not address whether the questions of law or fact common to all proposed class members predominate over questions affecting individual members, or whether a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." ECF No. 14-1 at 15; Fed. R. Civ. P. 23(b)(3).

The undersigned appreciates the dilemma that plaintiff faces in proving the propriety of class certification where no defendant has appeared from whom discovery may be had. However, Rule 23 may not be rewritten by the court to ease that dilemma. The undersigned recommends denial of the motion for class certification without prejudice to a future motion based on evidence obtained through other means.

3. Motion for Default Judgment

Plaintiff moves for default judgment finding defendant liable for compensatory damages to the Default Class, the exact amount of which to be determined through post-judgment discovery. ECF No. 13-1 at 4, 13; see also ECF No. 14-1 at 6-7 (outlining the discovery plaintiff plans to propound on Class Retailers to identify Default Class members and damages owed to each member). Plaintiff also seek an injunction prohibiting defendants from using nutrient content claims on Product packaging without mandatory disclosures as to adverse macronutrients. Plaintiff's motions emphasize that she seeks default judgment on behalf of the class rather than as to her own damages. ECF No. 13-1 at 2, 4, 6-9, 13; ECF No. 14 at 2-3, 17. The final section of her motion for class certification explicitly asks that she receive an opportunity to amend any defects therein before entry of default judgment. ECF No. 14-1 at 17. Because class certification

1  is not warranted for the reasons already explained, default judgment in favor of the class is
2  presently unavailable.
3     Even if the court were to certify the class, however, default judgment would not be
4  appropriate at this time. "For any class certified under Rule 23(b)(3) . . . the court must direct to
5  class members the best notice that is practicable under the circumstances, including individual
6  notice to all members who can be identified through reasonable effort." Fed. R. Civ. P.
7  23(c)(2)(B). In rendering any judgment in a class action, a court must "include and specify or
8  describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion,
9  and whom the court finds to be class members." Fed. R. Civ. P. 23(c)(3)(B). Moreover, to
10 protect class members the court may order appropriate notice to class members on "the proposed
11 extent of the judgment." Fed. R. Civ. P. 23(d). The language and structure of Rule 23 "thus
12 clearly contemplate[] that the notice requirement will be met *before* the parties are aware of the
13 district court's judgment on the merits." Schwarzschild v. Tse, 69 F.3d 293, 296 (9th Cir. 1995)
14 (emphasis in original). Plaintiff has offered, and the court is aware of, no authority for the
15 proposition that the Rule operates differently in the context of a default.
16    Because judgment in favor of a Rule 23(b)(3) class cannot be entered prior to the notice
17 and op-out period, default judgment would be premature even if a class were certified. See
18 Yauney v. HCI, LLC, 2024 U.S. Dist. LEXIS 215621 at *9, 2024 WL 4875377 (C.D. Cal. Oct. 3,
19 2024) (declining to grant default judgment where class certified but class members not yet
20 notified and given opportunity to opt-out); Heidarpour, 2025 WL 764287 at *2, 2025 U.S. Dist.
21 LEXIS 43531 at *5-6 (same). Accordingly, the court need not address the factors which
22 generally guide its discretion regarding entry of default judgment. See Eitel v. McCool, 782 F.2d
23 1470, 1471-72 (9th Cir. 1986).

CONCLUSION

25 For the reasons set forth above, IT IS HEREBY RECOMMENDED THAT:
26    1. Plaintiff's motion for certification of the Default Class (ECF No. 14) be DENIED
27       without prejudice; and
28    2. Plaintiff's motion for default judgment (ECF No. 13) be DENIED without prejudice.

1     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 16, 2025

                                                  */s/ Allison Claire*
                                                  ALLISON CLAIRE
                                                  UNITED STATES MAGISTRATE JUDGE